IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE CITY OF KANSAS CITY, MISSOURI, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 05-00368-CV-W-GAF |
| HOUSING & ECONOMIC DEVELOPMENT FINANCIAL CORPORATION, | ) ) ) ) ) | |
| and | ) ) | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Plaintiff City of Kansas City, Missouri ("the City")'s Motion for Temporary Restraining Order (Doc. 4). This Court initially granted this motion for temporary restraining order (Doc. 8) on April 21, 2005 and after a status hearing held on April 25, 2005, the Court ordered an expedited briefing schedule regarding whether the temporary restraining order should remain in place. Defendant Housing & Economic Development Financial Corporation ("HEDFC") has filed suggestions in opposition (Doc. 25) to the temporary restraining order. Defendant U.S. Department of Housing and Urban Development ("HUD") does not oppose this motion and, in fact, has filed suggestions in response to HEDFC's opposition to the temporary restraining order (Doc. 33) which support the City's position regarding the temporary restraining order.

A court's determination of whether to issue injunctive releif involves consideration of (1) the threat of irreparable harm to the party seeking injunctive relief; (2) the balance between that harm and the injury that granting the injunction will inflict on other interested parties; (3) the probability of success on the merits; (4) and the public interest.  <u>Dataphase Systems, Inc. v. C L Systems, Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981).  The inquiry is essentially equitable in nature and, therefore, a court must determine "whether the balance of equities so favors the movant that justice requires the court to intervene."  <u>Id.</u> At 113.  Courts are required to be flexible in that application of the factors with respect to the analysis of each particular case.  <u>Id.</u>

Having reviewed the arguments set forth by the parties, for good cause shown, this Court hereby ORDERS that the temporary restraining order issued on April 21, 2005 shall remain in place. It is further ORDERED that the parties shall submit to this Court by 12:00 p.m. on May 10, 2005 the name of a person the parties agree is qualified to serve as receiver for HEDFC, a list of five or less candidates to fulfill the role of receiver, or an alternative plan that is agreed to by all the parties.

**IT IS SO ORDERED.**

                                                     <u>/s/ Gary A. Fenner</u>
                                                   GARY A. FENNER, JUDGE
                                                    United States District Court

DATED:    May 9, 2005