IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-00368-CV-W-GAF |
| | ) | |
| HOUSING & ECONOMIC DEVELOPMENT | ) | |
| FINANCIAL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ALLOWING CLAIMS OF JAZZ DISTRICT

COME NOW David E. Bahner, the Receiver of Housing and Economic Development Financial Corporation, Jazz District Commercial, LLC, a subsidiary of Jazz District Renaissance Corporation and an affiliate of Jazz District Redevelopment Corporation (collectively, the "Jazz District") and the City of Kansas City, Missouri, and file their Amended Stipulation for Allowance of Claim of Jazz District Commercial, LLC; and

The Court being fully advised in the premises finds that the Stipulation should be approved. The Court specifically finds that the Hall Foundation and the Kaufman Foundation have disclaimed any interest in the funds described in the Amended Stipulation as "Escrow Funds" and the Court finds that those entities have no interest in the Escrow Funds.

IT IS, THEREFORE, ORDERED and ADJUDGED as follows:

1. The Amended Stipulation for Allowance of Claim of the Jazz District (Document No. 1898) is hereby approved. The parties are ordered to carry out its terms.

2. The Hall Foundation and the Kaufman Foundation have disclaimed any interest in the "Escrow Funds" and, accordingly, the Hall Foundation and the Kaufman Foundation have no interest in the Escrow Funds.

3. The Escrow Funds shall be disbursed pursuant to Project Loan No. 90-307 Loan and shall be used in the Tenant Space and the South side of 18th Street property only for the following purposes:

  a. Commercial leasehold improvements in the Tenant Space, including without limitation tenant finishing, whiteboxing, site preparation, and what are commonly known and referred to as hard construction costs such as direct labor and materials, all pursuant to an executed lease, commitment to lease or similar document delivered to the Receiver;

  b. Recording and filing fees; project administration fees; insurance costs; environmental reports; appraisal fees; reasonable and verifiable independent architect's fees, reasonable and verifiable designer's fees and expenses; reasonable and verifiable consultant's fees and expenses; reasonable and verifiable engineer's fees and expenses; costs of HVAC, electrical, plumbing, concrete; and reasonable, itemized and verifiable legal expenses arising from or directly related to any commercial leasehold improvement(s) to the Tenant Space pursuant to an executed lease, commitment to lease or term sheet delivered to the Receiver;

  c. Recording and filing fees; project administration fees; insurance costs; environmental reports; appraisal fees; reasonable and verifiable independent architect's fees, reasonable and verifiable designer's fees and expenses; reasonable and verifiable consultant's fees and expenses; reasonable and verifiable engineer's fees and expenses; costs of HVAC, electrical, plumbing, concrete; and reasonable, itemized and verifiable legal expenses arising from or directly related to any commercial leasehold improvement(s) to the South side of 18th Street property whether or not pursuant to an executed lease, commitment to lease or term sheet delivered to the Receiver;

  d. Tenant finish allowances in connection with existing and contemplated agreements to lease space in the Tenant Space or the South side of 18th Street property delivered to and verified by the Receiver to have been so used;

  e. What is commonly known and referred to as "tenant finishing" and the remodel of existing space in the two buildings to address the needs of a tenant of the Tenant Space or the South side of 18th Street property;

  f. Architectural and engineering services including without limitation archeological research, surveys, structural analysis, geotechnical and environmental studies, public improvements analyses, title work, conservation and maintenance of historic structures, the preparation and completion of State Historic Preservation Office and Historic Building Assessment Study documentation, management, maintenance and miscellaneous reasonable and necessary costs related to the

development and ongoing operations of the Tenant Space or the South side of 18th Street property, whether or not pursuant to an executed lease or similar document.

4. Within 20 days of the date of this Order, the Receiver shall apply, as a lump sum, the interest accrued on the Escrow Funds of the Project Loan 90-307 Loan from November, 2005, to the date of the Court's Order approving this Amended Stipulation to the accrued interest on the Project Loan No. 90-306, and then, at reasonable time increments, the interest that thereafter accrues on the Escrow Funds shall be applied to the interest that accrues on the Project Loan No. 90-306. Thereafter, at reasonable time increments, the interest that thereafter accrues on the escrow funds shall be applied to the interest that accrues on the Project Loan No. 90-306.

SO ORDERED this 9th day of April, 2009.

s/ Gary A. Fenner  
GARY A. FENNER, JUDGE  
UNITED STATES DISTRICT COURT