# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **THE CITY OF KANSAS CITY, MISSOURI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 05-00368-CV-W-GAF** |
| ) | |
| **HOUSING & ECONOMIC DEVELOPMENT** ) | |
| **FINANCIAL CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Presently before the Court is Cedric Hernandez's Motion for Temporary Restraining Order, Declaratory Judgment, and Equitable Redemption. (Doc. #1978). Cedric Hernandez ("Hernandez") alleges he is the owner of the property commonly known as 1626 East 75th Terrace, Kansas City, Missouri, which is subject to a Second Deed of Trust granted in favor of the Rehabilitation Loan Corporation[1] on March 14, 1996. *Id.* Hernandez further alleges that the Receiver for the Housing & Economic Development Financial Corporation has scheduled a foreclosure of said Second Deed of Trust on November 23, 2009. *Id.* Hernandez states there is a dispute as to the proper amount due under the Note secured by the Second Deed of Trust, but that he is willing to "pay the amount determined by the Court to be the proper amount due under the Note and Second Deed of Trust" and "will abide by the Court's determination and pay the amount deemed due." *Id.* The Receiver opposes. (Doc. #1979).

---

[1] Housing and Economic Development Financial Corporation assumed the Second Deed of Trust on September 1, 1997.

1

Based on the above facts, the issuance of a Temporary Restraining Order is justified and proper. Because Hernandez has agreed to pay the amounts due under the Note and Second Deed of Trust, prejudice to the Receiver is minimal if an injunction issues while the potential harm to Hernandez should the foreclosure be allowed to proceed would be great. For the reasons set forth above, it is

**ORDERED** that Hernandez's request for a Temporary Restraining Order is **GRANTED**.[2] The foreclosure sale currently scheduled for November 23, 2009, is hereby postponed pending resolution of the present Motion.[3] The Court declines to address or rule on Hernandez's requests for declaratory judgment and/or equitable redemption until the issues have been fully briefed.

**IT IS SO ORDERED.**

                                                s/ Gary A. Fenner
                                                Gary A. Fenner, Judge
                                                United States District Court

DATED: November 23, 2009

---

[2] Because the Receiver has received notice and an opportunity to be heard regarding Hernandez's present Motion, said Temporary Restraining Order is functionally equivalent to a preliminary injunction and is not subject to the ten (10) day hearing requirement under Fed. R. Civ. P. 65(b). *See also Sports Design and Development, Inc. v. Schoneboom*, 871 F. Supp. 1158, 1168 (N.D. Iowa 1995) (citing Wright & Miller, *Federal Practice and Procedure* § 2951 (2009)).

[3] A request may be made to the Court for a hearing on any relevant matters addressed in the present Motion.